IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARIO BRETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | No. 04-1004-T/An |
| ) | |
| CHARLES TRAUGHBER, ET AL., ) | |
| ) | |
| Respondents. ) | |

ORDER GRANTING MOTION TO EXTEND TIME
TO FILE NOTICE OF APPEAL

On March 31, 2005, the Court entered an order denying petitioner Mario Breton's petition for a writ of habeas corpus. However, the Court also granted a certificate of appealability as to all of the petitioner's claims. Judgment was entered on April 6, 2005. On May 2, 2005, petitioner filed a motion for an extension of time to file a notice of appeal.

Pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal is due within thirty days after the entry of judgment. As the judgment in this case was entered on April 6, 2005, a notice of appeal would be due on or before May 6, 2005. However, Rule 4(a)(5) authorizes a district court to extend the time to appeal under certain circumstances:

> (A) The district court may extend the time to file a notice of appeal if:
>    (i) a party so moves no later than 30 days after the time prescribed by

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 5/5/05

> this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) . . . .
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

The Advisory Committee note to the 2002 amendments to Rule 4(a)(5) explains that the excusable neglect and good cause standards are not the same:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situation in which there is no fault — excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

In this case, petitioner's counsel indicates that although petitioner has expressed his desire to appeal, he is dependent on his family in Mexico for financial assistance. Counsel's office is located in Knoxville, Tennessee, while the petitioner is incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee. Counsel states that it is the policy of the Whiteville Correctional Facility that a telephone conference between an inmate and his attorney must be scheduled in writing two weeks in advance; therefore, communication with the petitioner is slow and difficult.

The Court finds no fault in this case requiring a showing of excusable neglect. The Court also finds that petitioner has demonstrated good cause for an extension of time under Rule 4(a)(5). Accordingly, the motion for an extension of time to file a notice of appeal is

2

GRANTED. Petitioner is hereby allowed an additional thirty days from May 6, 2005, in which to file a notice of appeal.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_3 May 2005_____
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 1:04-CV-01004 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Herbert S. Moncier
MONCIER LAW FIRM
550 Main Ave.
Ste 775
Knoxville, TN 37902

Alice B. Lustre
ATTORNEY GENERAL OFFICE
425 5th Avenue North
Nashville, TN 37243--049

Jennifer L. Bledsoe
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202

Honorable James Todd
US DISTRICT COURT